# IN THE COURT OF APPEALS OF IOWA

No. 21-1509
Filed May 11, 2022

DAVID D. POGGE and DOUGLAS L. POGGE, TRUSTEES OF THE HENRY POGGE and LAVONNE I. POGGE TRUST DATED MARCH 8, 2005,
      Plaintiffs-Appellants,

vs.

ADAM W. CLEMONS, P.E., AS WRIGHT COUNTY ENGINEER, RICK RASMUSSEN, AS SUPERVISOR, DEAN KLUS, AS SUPERVISOR, KARL HELGEVOLD, AS SUPERVISOR, and WRIGHT COUNTY, IOWA,
      Defendants-Appellees.
_____

      Appeal from the Iowa District Court for Wright County, Gregg R. Rosenbladt, Judge.

      A landowner appeals a summary judgment ruling dismissing its negligence petition. **AFFIRMED.**

      Robert W. Goodwin of Goodwin Law Office, P.C., Ames, for appellants.

      Apryl M. DeLange of Hopkins & Huebner, P.C., Des Moines, and David R. Johnson, Eagle Grove, for appellees.

      Considered by Bower, C.J., Vaitheswaran, J., and Blane, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BOWER, Chief Judge.**

A landowner appeals a summary judgment ruling dismissing a negligence petition against Wright County and three county employees (collectively "the County") for damages to a land bridge. Because we find the County is immune from liability under the discretionary-function exemption of Iowa Code section 670.4 (2021), we affirm the district court.

## I. Background Facts & Proceedings.

The Pogges and their relatives have owned a property in Wright County for many years.[1] Over those years, the property had a shallow drainage ditch that could be crossed by farm equipment. In the late 1960s or early 1970s, Wright County's Drainage District No. 107 (DD107) excavated the shallow ditch into a deeper open ditch, landlocking eighteen acres. The property and open ditch were downstream of two thirty-inch culverts running below 120th Street that drained the up-stream properties. In 1973, the property owner (a relation to the Pogges) put in a land bridge connecting the landlocked section to the remainder of the property and installed a sixty-inch culvert to allow runoff water in the ditch to flow through.[2] The owner submitted a claim to Wright County for the cost of the bridge.

In 2013, an upstream property owner reported concerns of surface water running over two county roads and pooling water in his field due to restrictions at the culverts under 120th Street. The county engineer investigated, and in 2014,

---

[1] The land is currently owned by the Henry Pogge and Lavonne L. Pogge Trust. David and Douglas Pogge are trustees for the trust. We will refer to both the trust and its trustees as the Pogge Trust.

[2] It is unclear from the summary judgment record whether the land bridge located on the drainage easement is the property of DD107 or a secondary easement to the Pogge Trust.

the county enlarged the culverts in three locations at 110th Street, Hancock Avenue, and 120th Street. At 120th Street, the county replaced the two thirty-inch round pipe culverts with three pipe arches measuring seventy-one inches wide and forty-seven inches high. The Pogge Trust expressed concerns the larger drainage culverts would cause more drainage water to flow through the ditch and wash out its crossing. The county board of supervisors, acting as trustees for the drainage district, decided to wait and see if the culvert improvements would harm the private crossing.

In 2018, a flood[3] overflowed the land bridge culvert, eroding the edges of the land bridge. The land bridge culvert was clogged with sediment. The land bridge is now too narrow for the Pogge Trust's farm equipment to access the landlocked acres. The Pogge Trust and the County were unable to reach an agreement regarding repairs and costs for the land bridge and its culvert.

The Pogge Trust filed suit, alleging the County was "negligent in installing the three new [120th Street] culverts without providing for the crossing/land bridge to be able to handle the water from the three new culverts."

The district court found the County had no statutory or common law duty to consider downstream owners when removing the drainage obstruction. Next, it concluded the Pogge Trust could not show as a matter of law the County was negligent and responsible for the damage—while the culvert change improved the flow of existing runoff and prevented backup on a dominant estate, it did not

---

[3] The minutes from the Wright County Board of Supervisors reflect a month of rain and storm events in summer 2018 resulted in a Presidential Disaster Declaration for the county.

increase the amount of water flowing through the ditch. Finally, the court concluded the actions by the County and County officials "fall under the doctrine of discretionary immunity as defined by Iowa Code [section] 670.4(1)(c)."

The Pogge Trust asserts summary judgment was improper because material facts are in dispute, the district court erred in its legal analysis, and the court erred in finding the culvert enlargement was a discretionary function conferring upon the County statutory immunity from liability.

## II. Standard of Review.

"We review a district court's summary judgment ruling for correction of errors at law." *Breese v. City of Burlington*, 945 N.W.2d 12, 17 (Iowa 2020). "Summary judgment is proper when the moving party has shown 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Albaugh v. The Reserve*, 930 N.W.2d 676, 682 (Iowa 2019)).

## III. Analysis.

Although the Pogge Trust asserts summary judgment was not appropriate for a number of reasons, we find the statutory immunity issue dispositive. The disputed facts noted by the Pogge Trust do not affect whether the County and its employees were immune, and we need not reach the question about liability between dominant and servient estates.

Iowa Code section 670.4 exempts a municipality from liability for certain types of claims. The discretionary immunity of section 670.4(1)(c) applies to:

> Any claim based upon an act or omission of an officer or employee of the municipality, exercising due care, in the execution of a statute, ordinance, or regulation whether the statute, ordinance

or regulation is valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the municipality or an officer or employee of the municipality, whether or not the discretion is abused.

A county is included within the definition of municipality for purposes of the tort liability chapter. Iowa Code § 670.1(2).[4]

"The general rule is clear; liability is the rule and immunity the exception." *Madden v. City of Eldridge*, 661 N.W.2d 134, 138 (Iowa 2003). "[W]e will narrowly construe the discretionary function exception" and immunity is available only if the two-part *Berkovitz* test is satisfied. *Id.* (citing *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)).

We apply a two-step analysis to each specification of negligence to determine whether the [municipality's] challenged actions fall within the discretionary function exemption, inquiring (1) whether the action in question was a matter of judgment or choice for the acting employee and (2) whether, if an element of judgment is involved in the challenged conduct, the judgment is of a kind that the discretionary function exception was designed to shield.

*City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 19 (Iowa 2000). "The exception protects governmental actions and decisions which are made based on considerations of public policy grounded on social, economic, and political reasons." *Id.*

---

[4] If the County is immune under section 670.4, so are the individually-named county employees. "All officers and employees of municipalities are not personally liable for claims which are exempted under section 670.4, except claims of punitive damages . . . ." Iowa Code § 670.12. "A [drainage district] trustee is not personally liable for a claim which is exempted under section 670.4, except a claim of punitive damages." *Id.* § 468.526A.

The Pogge Trust argues discretionary function immunity does not apply because the installation of new culverts was an operational decision and not a discretionary function. We disagree.

> Once a drainage improvement has been constructed, drainage districts have "a positive mandate to keep the drainage system in such condition that it will function properly and perform the service for which it was intended." However, the Code gives the board a number of different ways to repair, restore[,] or maintain the drainage improvement.

*Chicago Cent. & Pac. R.R. Co. v. Calhoun Cnty. Bd. of Supervisors*, 816 N.W.2d 367, 371 (Iowa 2012) (internal citation omitted). In other words, the method by which a drainage district repairs, restores, and maintains its drainage improvements is within the board's discretion. By statute, the board is to consider the possible means, costs, nature, and extent of any repairs or improvements. *See* Iowa Code § 468.126.

The challenged decision here—to replace the existing culverts under 120th Street with three larger culverts—was made in light of the needs of the property owners, existing drainage improvements, and the associated calls. Therefore, it falls squarely within the discretionary-function exception to municipal liability found in Iowa Code section 670.4(1)(c). We affirm the summary judgment ruling dismissing the Pogge Trust's petition.

**AFFIRMED.**